IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:05-CR-386-04 |
| | : | 4:05-CR-386-05 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| JOHN A. JAMES, Jr. and JESSEY COLON, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**November 16, 2006**

On July 25, 2006, pre-sentence conferences were held in the above-captioned matters with counsel for the Government and individual counsel for the Defendants in attendance. At the conference, the Government interjected an objection to the calculation of the Defendants' base offense levels in the respective pre-sentence investigation reports ("PSR"). The Government argued that U.S.S.G. § 2K1.2(b)(5) was applicable and a corresponding four-level enhancement to the Defendants' offense levels should be applied. On August 25, 2006, a sentencing hearing was held in the above-captioned matters regarding the potential enhancement pursuant to §2K1.2(b)(5). Following the hearing, the Government and

Defendants filed submissions regarding the applicability of §2K1.2(b)(5).[1]  For the following reasons, we shall sustain the Government's objection and apply §2K1.2(b)(5) to the Defendants' base offense levels.[2]

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On April 3, 2006, Defendants John A. James, Jr. ("James") and Jessey Colon ("Colon") appeared before this Court and pled guilty to Count Three of the Indictment filed in this case, which charged them with a violation of 18 U.S.C. § 922(j) and (2), aiding and abetting the possession and disposition of stolen firearms and ammunition.  The charges against the Defendants stemmed from a January 29, 2005 burglary and theft of firearms from Ackley and Sons, a federally licensed firearms dealer, in Tioga County, Pennsylvania.

At the previously referenced sentencing hearing, the Government introduced Government Exhibit 1, which was an extremely detailed statement of the offense conduct committed by Defendants James and Colon and their three co-Defendants. John Malloy ("Malloy"), Joseph Wojtiw ("Wojtiw"), and John Malkowski

---

[1] Counsel for Defendant James submitted a brief in opposition to the enhancement. In communications with the Court, counsel for Defendant Colon advised that he joined in Defendant James's brief.

[2] Defendant James also objects to Paragraph 25 of the PSR, arguing that he was a minimal participant in the scheme and that a four-level reduction in offense level is warranted pursuant to U.S.S.G. §3B1.2(a).  This objection shall be disposed of in a separate and forthcoming Order issued by this Court.

("Malkowski").  For the purposes of this Memorandum and Order only a brief summary of the offense conduct, particularly as it relates to James and Colon, is necessary.

After committing the burglary and theft of one hundred and eighty eight (188) firearms at Ackley and Sons on January 29, 2005, the five Defendants traveled to Philadelphia.  The firearms and ammunition were transported by them to a leased garage in Philadelphia where the serial numbers were ground off the firearms by Malloy and Wojtiw.  James received, from Wojtiw, two Glock handguns with obliterated serial numbers and $1,000.00 in cash.  Colon received, form Wojtiw, one handgun with an obliterated serial number and $3,000.00 in cash.  The balance of the weapons were distributed to the other co-Defendants and to an individual in Philadelphia.

**DISCUSSION**:

§2K1.2(b)(5) states as follows:

If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.  If resulting offense level is less than level 18, increase to level 18.

Accordingly, §2K1.2(b)(5) is applicable in two distinct circumstances: (1) where the defendant possessed the firearm in connection with another felony offense, and

(2) where the defendant possessed or transferred the firearm knowing, intending or having reason to believe it would be used or possessed in connection with another felony offense.

The Government concedes, and we wholly agree, that the first clause of the subsection is not applicable because although possessing a firearm with an obliterated serial number is a felony offense in violation of 18 U.S.C. §922(k), the Probation Officer has already applied a two-level enhancement to the James and Colon's base offense level pursuant to §2K1.2(b)(4) for their own prohibited possession of the weapons. The Government recognizes that to add an additional four-level enhancement by construing the possession of the firearms with obliterated serial numbers as "another offense" under §2K1.2(b)(5) would be an impermissible double-count under the Sentencing Guidelines. Therefore, for the four-level enhancement pursuant to §2K1.2(b)(5) to apply to James and Colon's base offense level, we must find that these Defendants possessed or transferred the firearm knowing, intending or having reason to believe it would be used or possessed in connection with another felony offense.[3]

### A.     Standard of Review

---

[3] The plain language of §2K1.2(b)(5) dictates that the Government need not prove that the firearms were used in a specific other felony offense; it is enough that a defendant had reason to believe that it would be so used. See United States v. Caldwell, 448 F.3d 287, 292 (5th Cir. 2006).

In United States v. Grier, 449 F.3d 558 (3d Cir. 2006), the Court of Appeals for the Third Circuit held that the burden of proof for all facts relevant to sentencing was by a preponderance of the evidence standard.  However, the Third Circuit subsequently withdrew the Grier opinion and granted rehearing *en banc*, prompting some concern by this Court that the standard would be changed.

Recently, in United States v. Wilson, 2006 U.S. App. LEXIS 27179 (3d Cir., November 1, 2006), the Third Circuit held that "when a district court finds facts in calculating the applicable range under the Sentencing Guidelines, the applicable standard of proof is preponderance of the evidence."  Id. at *6 (citing United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006).  The Third Circuit clearly reiterated that a preponderance of the evidence standard still applies to fact-finding for the purposes of the Sentencing Guidelines, inspiring confidence in this Court that the Third Circuit will not change the standard upon a rehearing in Grier.

The Defendants argue that pursuant to United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990), this Court should apply a clear and convincing evidence standard to our fact-finding mission at hand.  In Kikumura, the Third Circuit held that fact-finding underlying an extreme departure in the Sentencing Guidelines must be proved by at least clear and convincing evidence.  Kimukura's range under the Sentencing Guidelines was 27 to 33 months imprisonment.  The district court sentenced Kimukura to 360 months imprisonment based upon an upward departure

pursuant to Kimukura's alleged terroristic activities. In reviewing the reasonableness of Kimukura's sentence, the Third Circuit held that where a departure from the Sentencing Guidelines is so extreme, the preponderance of the evidence standard to prove sentencing facts must give way to a higher standard, namely of clear and convincing evidence.

The Defendants argue that this Court should apply a clear and convincing evidence standard because if the four-level enhancement pursuant to §2K1.2(b)(5) is applied to their respective base offense levels, Defendant James would face a Sentencing Guideline imprisonment range of 57 to 71 months instead of a range of 37 to 46 months and Defendant Colon would face a range of 46 to 57 months instead of a range of 30 to 37 months.

Despite Defendants' argument to the contrary, their case is easily distinguishable from Kimukura. The Defendant in Kimukura was sentenced 333 months higher than the low end of his sentencing range. Here, if we find §2K1.2(b)(5) applicable, and sentence at the high end of the new range, Defendant James would be sentenced 34 months higher than the lowest end of the initial range and Defendant Colon would be sentenced 27 months higher than the lowest end of the initial range. We find the spread in the Defendants' potential sentencing ranges to be substantially lower than the spread in Kimukura, and will decline to apply a clear and convincing standard of proof for the purpose of determining the

applicability of §2K1.2(b)(5).

Accordingly, we shall apply a preponderance of the evidence standard to the factual circumstance at issue: namely, whether the Defendants had reason to believe that the disposed of firearms would be used by others in connection with other felony offenses.

**B.     Analysis**

In the instant case it is not disputed that Defendants James and Colon, acting in concert with Malloy, Wojtiw and Malkowski, broke into Ackley and Sons and stole 188 firearms, that amount comprised mostly of handguns. Following the burglary and theft, the stolen firearms were transported to Philadelphia and thereafter, the serial numbers were ground off of the firearms.

At the hearing, the Government introduced into evidence as Exhibit 4 Malkowski's proffer interview taken by Special Agent Robert S. Graybill of the Bureau of Alcohol, Tobacco, Firearms and Explosives.[4]  In this interview, Malkowski told Agent Graybill that he sold the stolen firearms, with the exception of the guns the co-Defendants kept for themselves, to an individual in Philadelphia from whom Malkowski usually purchased "Oxy and perk pills." Wojtiw delivered

---

[4] We note for the record that the Federal Rules of Evidence are not applied in sentencing proceedings and a Court may rely on hearsay as a proper form of evidence. See U.S. v. Paulino, 996 F.2d 1541 (3d Cir. 1993).

the balance of the remaining firearms to the individual. Payment was not received at that time. Thereafter, Malkowski was contacted by the individual and was advised that he did not want to keep several of the "junk" guns. Wojtiw then met with the individual and was given several trash bags containing approximately fifty of the handguns. Malkowski estimated that the individual had kept approximately 130 of the firearms. Ultimately the individual paid Malkowski a total of $15,000.00 in currency and drugs for the guns. Defendant James and Colon were paid $3,000.00 each by Malkowski, in addition to the guns they took for themselves. Malkowski also proffered to Agent Graybill that both Defendants James and Colon attempted to sell the firearms to an unidentified Hispanic male shortly after the burglary and theft. However, James and Colon's attempted sale apparently fell through, giving way to Malkowski's ultimate sale of the firearms.

As the Third Circuit noted in United States v. Cicirello, 301 F.3d 135, 141 (3d Cir. 2001), a "sentencing court is always free to draw inferences from facts of record." The factual record developed in this case reveals that both James and Colon were aware that the serial numbers were obliterated from the stolen handguns. Further, both James and Colon attempted to arrange for a street sale of the stolen firearms themselves, however the arrangement never came to fruition. Moreover, both James and Colon requested payment from Malkowski from the sale of the weapons, indicating their involvement, although indirect, in the street sale

of the weapons.  Based upon the facts before the Court, it is reasonable for us to infer that the street sale of the stolen firearms by Malkowski and Wojtiw to the unnamed Philadelphia individual was an event that was reasonably foreseeable by Defendants James and Colon, particularly in light of the fact that they both attempted to arrange sales themselves.  Both Defendants James and Colon were clearly aware that the serial numbers had been removed from the weapons.  The import of that knowledge is that when *any* third person purchased or received a weapon obliterated serial number, that individual instantly committed the felony crime of receipt of a firearm with obliterated serial numbers.  See 18 U.S.C. § 922(k).  Unlike the lower court's determination in Cicirello, we are here not engaging in speculation as to Defendants' knowledge of the the potential use of the weapons by the ultimate recipients.   It is no stretch to impute to Defendants James and Colon the knowledge that the placement of a firearm with an obliterated serial number into commerce is a felony offense.

Accordingly, we sustain grant the Government's objection to the PSR, and direct the assigned United States Probation Officer to apply the four-level enhancement pursuant to §2K1.2(b)(5) to Defendants James and Colon's base offense level.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Government's objection to the PSR is SUSTAINED.

2. The Probation Officer shall apply a four-level enhancement pursuant to U.S.S.G. §2K1.2(b)(5) to Defendant James and Colon's base offense level.

3. The Probation Officer shall submit and addendum to the PSR to the parties and the Court calculating the new Sentencing Guideline range for each Defendant.

                                                s/ John E. Jones III
                                                John E. Jones III
                                                United States District Judge